UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

BEATRICE H. ROTH,
    Plaintiff,

v().

SMUGGLERS' NOTCH RESORT,
SMUGGLERS' NOTCH MOUNTAIN
COMPANY, LTD., SMUGGLERS' NOTCH
MANAGEMENT COMPANY, LTD.,
SMUGGLERS' NOTCH INVESTMENT
COMPANY, LTD., AND JOHN DOE,
    Defendants.

Case No. 2:25-cv-00112

# ORDER DENYING DEFENDANTS SMUGGLERS' NOTCH RESORT AND SMUGGLERS' NOTCH INVESTMENT COMPANY, LTD.'S MOTION TO DISMISS OR FOR A MORE DEFINITIVE STATEMENT
(Doc. 7)

Plaintiff Beatrice Roth ("Plaintiff") filed a negligence action against Defendants Smugglers' Notch Resort, Smugglers' Notch Mountain Company, Ltd., Smugglers' Notch Management Company, Ltd., Smugglers' Notch Investment Company, Ltd., and John Doe. (Doc. 1.) Plaintiff refers to all Defendants as "Smugglers' Notch." (Doc. 1 at 1, ¶ 2.) The claim arises out of an accident in January 2022 where Plaintiff was injured on a "tubing" area when another person, who was tubing, ran into her. (*Id.* at 2, ¶ 8.) On May 5, 2025, Defendants Smugglers' Notch Resort, Smugglers' Notch Mountain Company, Ltd., and Smugglers' Notch Investment Company, Ltd. ("moving Defendants") filed this Motion to Dismiss or for a More Definitive Statement. (Doc. 7.) On June 18, 2025, Plaintiff opposed the motion. (Doc. 18.)

For the following reasons, moving Defendants' Motion to Dismiss is DENIED and Motion for a More Definitive Statement is DENIED.

I.   **Plaintiff's Allegations in the Complaint**

The following facts are taken from Plaintiff's complaint and are accepted as true for purposes of considering moving Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff was injured on January 28, 2022, while tubing on a hill at Smugglers' Notch Resort. (Doc. 1 at 2, ¶¶ 6, 8.) The property is owned and operated by Defendants. (*Id.* at 2, ¶ 6.) The accident occurred when an individual, identified as Defendant John Doe, was tubing recklessly and ran into her. (*Id.* at 2, ¶ 8.) The tubing hill was in a "dangerous, defective and unsafe condition in that Smugglers' Notch permitted individuals to operate tubes without verifying their fitness" to do so in a safe manner. (*Id.* at 2, ¶ 9.) Plaintiff argues each Defendant had a duty to protect Plaintiff by closely monitoring traffic and scrutinizing tube operators and to forewarn Plaintiff of the unsafe conditions created by Defendant John Doe's reckless operation of the snow tube. (*Id.* at 2, ¶¶ 9–10.) As a direct and proximate result of Defendants' failure to do so, she was injured. (*Id.* at 2, ¶ 12.)

Plaintiff names five separate defendants, including Smugglers' Notch Resort, Smugglers' Notch Mountain Company, Ltd., Smugglers' Notch Management Company, Ltd., Smugglers' Notch Investment Company, Ltd., and John Doe.[1] Plaintiff does not distinguish between the four corporate entities in terms of their responsibilities or duties. Even though there is an individual Defendant referred to as John Doe, Plaintiff collectively refers to the Defendants as "Smugglers' Notch." (Doc. 1 at 1, ¶ 2.) Plaintiff further alleges that each Defendant "is a legally organized entity pursuant to the laws of the State of Vermont and with principal place of business in Lamoille

---

[1] It does not appear from the record that Defendant Smugglers' Notch Mountain Company, Ltd. has been served, but the court notes the signature page of Defendants' motion, (Doc. 7 at 6), references "Smugglers' Notch Mountain Company, Ltd.," and there is no reference to "Smugglers' Notch Management Company, Ltd." which is referenced in the Acceptance of Service (Doc. 4) and other documents.

County, Vermont." (*Id.*) There are times in the complaint when Plaintiff includes the individual Defendant John Doe into allegations that appear to apply only to the corporate defendants. For example, Plaintiff alleges "Defendants offered business invitee guests to participate in 'tubing' on a hill." (*Id.* at 2, ¶ 7.)

In their Motion, moving Defendants argue that Plaintiff's complaint improperly groups Defendants and fails to identify individual acts or omissions for each Defendant. (Doc. 7 at 2.) Plaintiff's complaint alleges negligence against all Defendants. (Doc. 1 at 2, ¶¶ 6–12.)

## II.    Legal Standard

To survive a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint does not require detailed factual allegations, but the plaintiff must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 570.

For a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The standard for plausibility of the claim is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). The court "must accept as true all of the allegations contained in a complaint . . . ." *Id.* The court need not, however, accept as true legal conclusions or "mere conclusory statements." *Id.*

A Rule 12(e) motion for a more definite statement is permissible when there is a statement of "a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that

3

the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The purpose of a Rule 12(e) motion is to "enable a litigant to answer, not to move for dismissal." *Deans v. Vermont*, No. 2:06-CV-205, 2007 WL 9711080, at *3 (D. Vt. June 6, 2007) (quoting *Convington v. City of New York*, No. 98 Civ. 1285, 1999 WL 739910, at *9 (S.D.N.Y. Sep. 22, 1999)).

### III.   Discussion

To satisfy the elements of a negligence claim, Plaintiff must allege that Defendants had a duty to exercise reasonable care, Defendants failed to meet that standard of care, and Plaintiff suffered injuries as a result. *See e.g., Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 14, 209 Vt. 514, 208 A.3d 609. The complaint alleges that Defendants invited "guests to participate in 'tubing,'" which was "held out . . . as an organized and supervised recreational activity." (Doc. 1 at 2, ¶ 7.) Plaintiff alleges that Defendants failed to exercise reasonable care when they did not closely monitor traffic and scrutinize individuals for fitness to operate the tubes. (*Id.* at 2, ¶ 10.) Their failure to take these actions created a dangerous and unsafe condition, which resulted in her suffering significant injury. (*Id.* at 2, ¶ 12.)

Moving Defendants argue these allegations do not clarify the relationship between the corporate entities, the role each one plays in the ownership or operation of Smugglers' Notch Resort, or what specific actions each corporate entity took or failed to take which rendered them negligent. (Doc. 7 at 3.) Plaintiff responds that it would be inappropriate to dismiss at this stage when she has not yet had the opportunity to obtain discovery regarding the corporate structure and relationship of Defendants. (Doc. 18 at 2.)

Taken in its entirety, Plaintiff's complaint sets forth sufficient allegations to allege a claim of negligence. Plaintiff alleges Defendants "owned and operated" the resort, held out tubing as an organized activity, and allowed individuals to operate tubes without verifying their ability to do so

and failed to monitor traffic on the tubing hill. (Doc. 1 at 2, ¶¶ 6–10.) As a direct result of Defendants' failures, Plaintiff was injured. (*Id.* at 2, ¶ 12.) Moving Defendants' principal argument is that Plaintiff engages in improper group pleading by failing to articulate what each corporate entity was responsible for doing or not doing. (Doc. 7 at 5.) The court considers this argument under the pleading requirements of Federal Rule of Civil Procedure 8. *See* Fed. R. Civ. P. 8(a)(1)–(3) ("A pleading that states a claim for relief must contain: (1) a short plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.").

Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged . . . ." *Goetz v. Ainsworth Pet Nutrition, LLC*, 768 F. Supp. 3d 645, 652 (S.D.N.Y. 2025) (quoting *In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395, 438 (S.D.N.Y. 2019)). Instead, "it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 Fed. App'x. 33, 34 (2d Cir. 2001) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)); *see also Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("Rule 8 does not necessarily require . . . that the complaint separate out claims against individual defendants" so long as defendants are "explicitly tied to one or more" of the allegations.). When a complaint has sufficient detail to allow the opposing parties to answer, the complaint "satisfies Rule 8 even if it includes certain allegations against Defendants collectively." *Goetz*, 768 F. Supp. 3d at 652 (citation modified).

Moving Defendants cite to cases to demonstrate that, except in limited circumstances, one corporate entity cannot be held liable for the acts of its affiliates, even if they are a subsidiary or

parent company. (*See* Doc. 7 at 4.) This is an accurate statement of the law. The cases cited by moving Defendants, however, are at a different procedural stage than the instant case. *See United States v. Bestfoods*, 524 U.S. 51, 58 (1998) (considering a fifteen-day trial on the first phase of a case regarding the issue of liability of whether the parent corporation "owned or operated" a facility); *Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995) (noting the procedural posture that the request for declaratory and injunctive relief had been denied and the motion to compel arbitration had been granted); *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l, Inc.*, 2 F.3d 24, 25 (2d Cir. 1993) (considering an appeal after a dismissal following nonjury trial); *Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.*, 933 F.2d 131, 134 (2d Cir. 1991) (considering an appeal of a dismissal of case following jury trial). None of the cases cited by moving Defendants were decided on a motion to dismiss under Rule 12(b)(6). (*See* Doc. 7 at 4.)

Dismissal against some of the corporate Defendants would be "premature at this stage in the litigation." *United States v. Applied Memetics, LLC*, 758 F. Supp. 3d 281, 315 (D. Vt. 2024). Plaintiff is "not privy to [Defendants'] corporate structure" at this point. *Id.* It is not clear what role each Smugglers' Notch Defendant plays in the operation of Smugglers' Notch Resort and activities at the resort. Some Defendants may not be liable for the conditions responsible for the accident, but the "question at this stage of the litigation is whether [Plaintiff] . . . plausibly pleaded" the claim in the complaint. *Turkmen v. Hasty*, 789 F.3d 218, 264 (2d Cir. 2015), *rev'd in part on other grounds, vacated in part on other grounds sub nom. Ziglar v. Abbasi*, 582 U.S. 120 (2017). Plaintiff has plausibly pleaded negligence and can move forward to resolve factual questions about Defendants' roles in operating activities at Smugglers' Notch Resort.

The complaint incorporates Defendant John Doe with the other Defendants. (Doc. 1 at 1, ¶ 2.) Plaintiff's claim refers to all Defendants as "Smugglers' Notch" despite specifically describing Defendant John Doe as an individual who was riding a tube in a reckless manner. (*Id.* at 1–2, ¶¶ 2, 8.) While this pleading is confusing and perhaps inaccurate, the court does not find that it renders the allegations against moving Defendants insufficient. There is a sufficient basis for the court to infer that Plaintiff's claim alleges negligence on the part of the moving Defendants for allegedly failing to verify the fitness of guests to tube safely and failing to monitor the tubing hill. The information in the complaint is sufficient to provide a basis to infer liability and provides moving Defendants with adequate information to understand the substance of the claim—despite the amalgamation of the Smugglers' Notch Defendants and the John Doe Defendant.

Plaintiff's complaint is not "so vague or ambiguous" that Defendants "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions "are generally disfavored because of their dilatory effect." *Deans*, 2007 WL 9711080, at *3 (first citing *DeDiego v. City of New Britain*, 1994 WL 70280, at *5 (D. Conn. Jan. 31, 1994); and then citing *Lockwood v. Coughlin*, No.93-CV-0427E(F), 1995 WL 264674, at *1 (W.D.N.Y. Apr. 24, (1995)). The purpose of a Rule 12(e) motion is to ensure the opposing party is able to answer the complaint, not to move for dismissal. *Id.* Here, Plaintiff's complaint provides sufficient information for the moving Defendants to respond.[2] The complaint is not so vague or ambiguous as to prevent the moving Defendants from providing an answer.

---

[2] Notably, Smugglers' Notch Management Company, Ltd., another of the corporate Smugglers' Notch Defendants, already filed an answer to this complaint. (*See* Doc. 8.)

7

## CONCLUSION

For all the reasons stated above, moving Defendants' Motion to Dismiss is DENIED and Motion for a More Definitive Statement is DENIED. (Doc. 7.)

DATED at Rutland, in the District of Vermont, this 29th day of January 2026.

                                                    Mary Kay Lanthier
                                                    United States District Judge